**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

ERIC EMERSON                                                              PLAINTIFF

V.                                     NO: 4:12CV00506 BRW

BRIAN S. MILLER                                            DEFENDANT

**ORDER**

Plaintiff Eric Emerson, currently held at the Pulaski County Detention Facility, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983 (docket entry #1), on August 2, 2012, naming Chief United States District Judge Brian S. Miller as the only Defendant.[1]

**I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

---

[1] Plaintiff's complaint also included a request for leave to proceed without prepayment of filing fees. However, the request contained no financial information regarding Plaintiff's institutional trust account, or any specifics as to his assets or income history. To the extent that the request may be considered a motion, it is denied.

1

cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, Judge Miller has illegally dismissed all claims brought by prisoners alleging constitutional violations by state officials. Because Plaintiff has failed to state a claim for relief, his complaint must be dismissed. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). The evaluation of whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself – whether the act is a function normally performed by a judge in his judicial capacity. *See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Clearly, entering orders, including orders of dismissal, are acts which are judicial in nature. Accordingly, Judge Miller is immune from suit, and this complaint must be dismissed.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.Plaintiff's request for leave to proceed without prepayment of fees (docket entry #1) is DENIED.

2.Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

3.This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

4.The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 17th day of August, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE